March 9, 2021

William H. Orrick, District Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

RE:   *Brice, et al. v. Stinson, et al.*; Case No: 3:19-cv-01481-WHO

Dear Honorable Judge Orrick:

Pursuant to the Court's Standing Order for Civil Cases, this letter provides the Court with the nature and status of the parties' discovery dispute. The parties met and conferred during the course of the deposition at which the testimony that is the subject of this discovery dispute letter was sought, as well as by e-mail, and have been unable to resolve the issue described below.

**Plaintiffs' Position**:

On February 12, 2021, Plaintiffs deposed Defendant L. Steven Haynes in his individual capacity under Rule 30(b)(1) and as the corporate representative of Defendant Haynes Investment under Rule 30(b)(6). During that deposition, Plaintiffs inquired about certain promissory notes pertaining to repayment of funds used to issue loans originated in the name of Plain Green (one of Think Finance's tribal lending fronts). Under these promissory notes, Plain Green paid $1 million to the Haynes Defendants in cash to invest in tribal businesses on behalf of Think Finance, with the remaining $4.269 million to be paid by Plain Green to the Haynes Defendant from consumer loan payments, with the Haynes Defendants in turn obligated to pay those amounts to Think Finance, but also to receive a management fee regarding the same. In short, these promissory notes directly pertain to the operation and funding of Think Finance's rent-a-tribe enterprise alleged by Plaintiffs.

Haynes thereafter entered into a settlement agreement relating to repayment of the $5.2 million note to Think Finance. During the Haynes deposition, Plaintiffs' counsel inquired into the terms of the settlement agreement, which testimony could reveal additional obligations of or participation by the Haynes Defendants vis-à-vis Think Finance's rent-a-tribe business and would thus be directly relevant to the claims at issue in this case. However, Defendants' counsel objected to all questions regarding the settlement agreement, instructed Haynes not to answer, and advised Plaintiffs' counsel that a protective order would be filed (which Plaintiffs' counsel presumed was to be filed before this Court). The parties thus agreed to hold open the examination and adjourn the deposition pending the Court's decision on defense counsel's anticipated protective order.

On March 4, 2021, instead of filing a protective order in this case before this Court, the Haynes Defendants filed a motion for protective order in the Northern District of Texas (Misc. No. 3:21-mc-0023). Plaintiffs believe this matter is most appropriately and efficiently addressed by this Court.  *See* Fed R. Civ. P. 26 Advisory Committee Notes ("The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court

1

where the action is pending."). This is especially true where the questions raised in Defendants' motion for a protective order can only be answered by a judge thoroughly familiar with all the facts of the case and the history of the parties' prior discovery disputes. *See Bank of Texas v. Computer State., Inc*, 60 F.R.D. 43, 45 (S.D. Tex. 1973) (transferring protective order motion to court handling main case because "appreciation of the materiality and importance of the records and answers sought by the proposed discovery requires a detailed understanding of the main case."). While Plaintiffs will also move to transfer Defendants' motion, Plaintiffs believe it is in the interest of judicial economy to raise this issue with your Honor now in advance of the parties' case management conference and before discovery closes on March 12, 2021.

Defendants contend that testimony regarding the promissory note between Haynes and Think Finance and the subsequent settlement agreement between the parties has no relevance to the issues in the California Lawsuit. Not so. The promissory note and Haynes' testimony shows Haynes' direct involvement in Think Finance, including borrowing money from Think Finance to, in turn, lend money to Plain Green. And upon receiving repayment on the promissory note by Plain Green, Haynes had further obligations to continue investing money in tribal businesses. Plaintiffs have reason to believe that the related settlement agreement is likewise directly relevant to Plaintiffs' claims here because it could involve the Haynes Defendants' financing or other facilitation of Think Finance's unlawful tribal lending enterprise and compensation to the Haynes Defendants for their involvement in the enterprise.

Plaintiffs respectfully request that the Court order Defendants to testify on the promissory notes and associated settlement between the Haynes Defendants and Think Finance.

**Defendants' Position**:

Defendants L. Steven Haynes and Haynes Investments, LLC ("Haynes Defendants") are two of many parties to a private, confidential settlement of certain litigation pending in Texas state court. Defendants have an ongoing contractual obligation not to reveal those terms, and there is an order of the Texas state court temporarily abating the case that requires compliance with and completion of the terms, including the confidentiality provision. During his Rule 30(b)(1) and 30(b)(6) deposition in this case, and after otherwise being extensively questioned about the promissory notes Plaintiffs describe above and about his Think Finance related investments, Mr. Haynes was asked a question that called for him to speak about the confidential terms of the settlement agreement arising from the state court litigation.

Rather than instructing Mr. Haynes not to answer, Haynes's counsel interjected and asked Plaintiffs' counsel to speak briefly off the record regarding what he understood was the appropriate manner to address confidentiality of those terms. As stated on the record after the deposition resumed, Haynes's belief was that the appropriate thing to do was to adjourn the deposition and seek a protective order; however, the deposition was at that point nearly concluded, and so the parties agreed to complete the questioning and adjourn the deposition at its conclusion for Haynes to seek the protective order. Plaintiffs' counsel agreed to further discuss

the issue—including whether Plaintiffs indeed wished to further pursue questioning regarding the confidential terms of the Texas state court settlement.

When Plaintiffs confirmed that they did, in fact, wish to pursue that questioning further, Haynes filed for a narrow protective order seeking protection from needing to disclose the confidential settlement terms arising from the Texas state court litigation in the jurisdiction in which the deposition was taken (the Northern District of Texas). This is consistent with Rule 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."). Each of the foregoing averments is documented in that motion, its accompanying brief, and their exhibits in the matter captioned *Brice, et al. v. Haynes Investments, et al.*, Misc. No. 3:21-mc-00023, ECF Nos. 1-3 (N.D. Tx.), which has been assigned to Judge David Godbey (U.S.D.J.), and by him referred to Judge Rebecca Rutherford (U.S.M.J.). Judge Rutherford has set a briefing and conferral schedule as well as an April 8, 2021 hearing on the motion. *Id*. at ECF No. 5.

Plaintiffs were apparently surprised that the Haynes Defendants would seek protection in Texas. But that was the Haynes Defendants' right under Rule 26. They are certain this Court would likewise have fairly adjudicated their motion. But the Haynes Defendants believed that the question of whether they should be made to disclose the terms of a confidential, private settlement of Texas state court litigation, among persons and entities primarily located in Texas, where the Haynes Defendants reside, would be best decided by a judge in Texas. There is a strong public policy favoring local courts' interests in adjudicating such localized controversies, and the settlement agreement (which was negotiated and entered into in Texas) directs that Texas law governs and the exclusive forum of any dispute would be in Dallas County (where the Northern District of Texas sits). There was therefore nothing improper about seeking an order of protection from the Haynes Defendants' local district court in Texas.

It appears Plaintiffs are now seeking to litigate a parallel dispute when one is already pending in the Northern District of Texas. Although the Haynes Defendants believe they properly filed their motion for protection there, Plaintiffs' remedy if they disagree is, as they acknowledge above, to seek to transfer the motion from Texas to this district; not to litigate dual disputes in both districts at the same time.

Respectfully submitted,

/s/ Anna Haac                                               /s/ Jonathan Boughrum
Anna Haac                                                    Jonathan Boughrum
*For Plaintiffs*                                             *For Defendants*